**In re BULLDOG TRUCKING, INCORPORATED, formerly known as Bulldog Trucking of Georgia, Incorporated, a Delaware Corporation, Debtor.**

**Langdon M. COOPER, Trustee for Bulldog Trucking, Inc., Plaintiff–Appellee,**

v.

**STONIER TRANSPORTATION GROUP, INCORPORATED, Defendant–Appellant.**

No. 94–2465.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1995.

Decided Oct. 10, 1995.

**ARGUED:** Robert Joseph Gallagher, M. Shields Gallagher & Gallagher, P.C., Northampton, Massachusetts, for Appellant. Jöseph L. Steinfeld, Jr., Shawn, Mann & Niedermayer, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Stuart Childs, Charlotte, North Carolina, for Appellant. John T. Siegler, Shawn, Mann & Niedermayer, L.L.P., Washington, D.C.; Langdon M. Cooper, Alala, Mullen, Holland & Cooper, P.A., Gastonia, North Carolina, for Appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge WIDENER wrote the opinion, in which Judge MURNAGHAN and Judge FABER joined.

## OPINION

WIDENER, Circuit Judge:

Defendant Stonier Transportation appeals from an order of the district court granting Bulldog Trucking summary judgment on its claim for undercharges. In an order dated October 20, 1994, the district court determined that §§ 2 and 8 of the Negotiated Rates Act of 1993 (Rates Act), Pub.L. No. 103–180, 107 Stat. 2044, did not apply to Bulldog's bankrupt estate, granted summary judgment in favor of Bulldog's trustee on his undercharge claims, certified the judgment under F.R.Civ.P. 54(b), and denied Stonier's cross-motion for summary judgment. The district court adopted the bankruptcy court's recommended order and memorandum decision dated September 6, 1994. We vacate and remand.

The facts of this case are essentially identical to those set out in *Cooper v. B & L, Inc.*, 66 F.3d 1390 (4th Cir.1995). Bulldog's trustee seeks $28,292.63 plus interest from Stonier, based on undercharges for shipments transported by Bulldog on behalf of Stonier. Stonier denied liability for the undercharges, pleading the defense of contract carriage and asserting a counterclaim for reparations based on what it alleges is Bulldog's unreasonable tariff rate.[1] After passage of the Rates Act, Stonier also sought relief from liability under the small business exemption, 49 U.S.C. § 10701(f)(9), and claimed that the trustee's actions in seeking undercharges constituted an unreasonable practice, Rates Act § 2(e) (not codified).

On appeal, Stonier raises three assignments of error. First, Stonier argues that the district court erred in concluding that § 2 of the Rates Act conflicts with the antiforfeiture provisions of the bankruptcy code. Second, Stonier claims that the district court erred in denying Stonier's motion for summary judgment based on the small business exemption contained in § 2 of the Rates Act, codified at 49 U.S.C. § 10701(f)(9). In its final assignment of error, Stonier argues that the district court should have referred the issue of contract carriage to the ICC for initial determination, as mandated by the

---

1. The court lifted the automatic stay to allow Stonier to seek a determination of the rate reasonableness issue from the ICC. Stonier filed a petition for relief with the ICC on the rate reasonableness issue on April 28, 1993. At oral argument, Stonier's attorney stated that the ICC stayed the petition pending decision on Stonier's motion for summary judgment based on the small business exemption, filed with the bankruptcy court on January 11, 1994.

Rates Act.[2] See Rates Act § 8 (codified at 49 U.S.C. § 11101(d)). We address each argument in turn.

█ The district court held that § 2 of the Rates Act does not apply to bankrupt estates, because it violates the antiforfeiture provisions of the bankruptcy code. 11 U.S.C. §§ 363(*l*), 541(c)(1). Having today decided that § 2 of the Rates Act is applicable in bankruptcy in *Cooper v. B & L,* 94–2002, we vacate the district court's grant of summary judgment to the trustee, and remand for further proceedings.

Stonier next claims that the district court should not have denied its cross-motion for summary judgment. Stonier's motion was based on 49 U.S.C. § 10701(f)(9), which grants shippers that qualify as small-business concerns under 15 U.S.C. §§ 631 *et seq.* exemptions from undercharge liability. The district court denied the motion based on its determination that the small business exemption was inapplicable to these proceedings. Because this conclusion was in error, see *Cooper v. B & L, Inc.,* 66 F.3d 1390 (4th Cir.1995), we vacate the district court's denial of Stonier's motion for summary judgment. On remand, the district court should reconsider Stonier's motion for summary judgment in light of our determination today that § 10701(f)(9) is applicable to Bulldog's bankrupt estate.

█ Next, we review the district court's conclusion that the Rates Act does not require referral of disputes regarding contract carriage to the ICC for initial determination. We note that in *Cooper v. B & L, Inc.,* 66 F.3d 1390 (4th Cir.1995), we held that under the Rates Act § 8, codified at 49 U.S.C. § 11101(d), the issue of the existence of contract carriage must be referred to the ICC

for initial determination, subject to review by the court with original jurisdiction. See 28 U.S.C. § 1336(b). We rejected the argument that § 8 conflicts with § 9 which would thus oust the bankruptcy court of jurisdiction granted to it by 28 U.S.C. §§ 157 and 1334.[3] Accordingly, the district court erred in determining the type of carriage before referring the issue to the ICC. On remand, if the district court determines that Stonier does not qualify as a small-business concern, the district court must refer the issue of contract carriage to the ICC for initial decision.

*VACATED AND REMANDED.*

(holding that referral of contract carriage issue to the ICC under Rates Act § 8 does not conflict with the jurisdictional provisions of title 28).

---

**2.** Stonier also alleges that the district court erred in denying *its motion to refer the issue of unrea*sonable practice to the ICC. See Rates Act § 2(e)(2). We note that the district court did not specifically reach this issue because it determined that Stonier did not have an unreasonable practice cause of action. Because we reverse this determination, we are of opinion that on remand the district court should refer this issue to the ICC. Rates Act § 2(e)(2); see also *Cooper v. B & L, Inc.,* 66 F.3d 1390 (4th Cir.1995)

**3.** Section 9 of the Rates Act, which is not codified, reads in relevant part:

[n]othing in this Act ... shall be construed as limiting or otherwise affecting application of ... title 28, United States Code, relating to the jurisdiction of the courts of the United States (including bankruptcy courts)....